UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-20-40-G ) |
| DAVID COX et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the Motion for Intervention filed by State National Insurance Company, Inc. ("State National"). *See* Doc. No. 55. Defendants David Cox and Barbara Cox have responded that they take no position on the motion. *See* Doc. No. 63.

In this action, Plaintiff seeks a declaratory judgment that it has no duty to indemnify or defend in relation to a June 1, 2018 car accident that is the subject of a pending tort action in the District Court of Kingfisher County, Oklahoma. State National moves, pursuant to Federal Rule of Civil Procedure 24(b), to intervene as a defendant in this case. State National asserts that it is currently defending certain defendants in the underling state court action pursuant to a commercial auto liability policy. It is State National's position that coverage exists under Plaintiff's insurance policy and that such coverage is primary whereas the coverage provided under State National's policy is merely excess. State National seeks a declaration that it is entitled to recover from Plaintiff the attorney's fees and costs expended in defending the defendants in the state court action.

Rule 24(b) governs permissive intervention and provides, in pertinent part:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B), (b)(3). "Permissive intervention is a matter within the sound discretion of the district court." *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) (alteration and internal quotation marks omitted).

Upon review of the parties' submissions, the Court finds that State National should be allowed to intervene as a defendant in this case. First, State National's motion was timely. Though State National filed its motion several months after this action was initiated, Plaintiff had only recently filed its Third Amended Complaint. Thus, the Court can discern no prejudice to any party in the delay. Second, common questions of law and fact exist, as State National seeks a determination that Plaintiff's coverage obligations extend to the June 1, 2018 car accident and related tort action. Finally, allowing State National to intervene will not unduly delay or prejudice the adjudication of the original parties' rights.

Accordingly, State National's Motion for Intervention (Doc. No. 55) is GRANTED.

IT IS SO ORDERED this 25th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge